J-S21039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY SCOTT | |
| Appellant | No. 2330 EDA 2013 |

Appeal from the PCRA Order October 17, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0702311-2006

BEFORE:  SHOGAN, J., ALLEN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 24, 2014**

Anthony Scott appeals, *pro se*, from the order entered October 17, 2011, in the Philadelphia County Court of Common Pleas, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.   Scott seeks relief from the judgment of sentence of an aggregate 14 to 28 years' imprisonment, followed by five years' probation imposed after the trial court, sitting without a jury, found him guilty of rape[1] and related charges for the repeated sexual abuse of his girlfriend's daughter.   On appeal, Scott raises nine issues asserting trial counsel's ineffectiveness, trial court error, and the unconstitutionality of a provision in the Pennsylvania Constitution.   For the reasons set forth below, we affirm.

_____

[1] 18 Pa.C.S § 3121.

The facts underlying Scott's conviction were briefly summarized by this Court in the unpublished memorandum decision affirming his judgment of sentence on direct appeal:

> The present offenses arise from [Scott's] sexual abuse of his girlfriend's daughter, J.W. Until she was six years old, J.W. lived in Georgia with her siblings and aunt. At that time, J.W.'s father died, and J.W.'s mother brought the family to Philadelphia where they resided with [Scott]. [Scott] promptly began to sexually abuse J.W. by touching her vagina and chest. The abuse escalated and when the child was seven years old, [Scott] raped her. [Scott] continued to have sexual intercourse with J.W., and after she was ten years old, started to force her to give him oral sex. In 2006, when she was in sixth grade, J.W. told her best friend, B.D., about the abuse. B.D. encouraged J.W. to report the crimes to the authorities, and J.W. followed that advice on April 8, 2006. Two police officers arrived at the home and took J.W. to be interviewed by a detective. While J.W. was in the detective's office, J.W.'s mother telephoned and said that she did not believe the allegations and that J.W. was not permitted to return home.

**Commonwealth v. Scott**, 988 A.2d 730 (Pa. Super. 2009) (unpublished memorandum at 2).

Scott was subsequently arrested and charged with numerous sexual offenses. The case proceeded to bench trial, and, on February 8, 2007, the trial court found Scott guilty of rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, statutory sexual assault, sexual assault, unlawful contact with minor, endangering the welfare of children, corruption of minors, and simple assault.[2] On October 12, 2007,

_____

[2] 18 Pa.C.S. §§ 3121, 3123(a)(1), 3125, 3126(a)(1), 3122.1, 3124.1, 6318(a)(6), 4304, 6301(a), and 2701(a), respectively.

the trial court found that Scott met the criteria for classification as a sexually violent predator,[3] and imposed an aggregate sentence of 14 to 28 years' imprisonment, followed by five years' probation. No direct appeal was filed.

On January 28, 2008, Scott filed a *pro se* PCRA petition. Counsel was appointed, and filed a petition to withdraw and accompanying **Turner**/**Finley**[4] "no merit" letter. However, the docket reveals that on September 24, 2008, the trial court permitted defense counsel to withdraw his **Turner**/**Finley** letter, and reinstated Scott's direct appeal rights *nunc pro tunc*. Scott then filed a direct appeal *nunc pro tunc*, and on November 25, 2009, a panel of this Court affirmed his judgment of sentence. **See Scott**, **supra**.[5]

On February 16, 2010, Scott filed a timely, *pro se* PCRA petition. Thereafter, he filed *pro se* amended and supplemental petitions both before and after counsel was appointed on September 3, 2010. On January 3, 2011, PCRA counsel filed a motion for discovery,[6] seeking: (1) the police

_____

[3] 42 Pa.C.S. §§ 9799.10 *et seq*.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Scott raised only two issues in his direct appeal, both challenging the ineffective assistance of trial counsel. A panel of this Court dismissed both claims without prejudice to Scott's right to raise them again in a PCRA petition. **See Scott**, **supra**.

[6] The Rules of Criminal Procedure provide, in pertinent part, "no discovery shall be permitted at any stage of the [PCRA] proceedings, **except upon**
*(Footnote Continued Next Page)*

reports;[7] (2) permission to subpoena the victim's medical records from 1999 through 2006; (3) a hearing to determine if the victim's diary contained any any exculpatory information; and (4) permission to subpoena all records from the Department of Human Services (DHS) from 1999 through 2006. Although the Commonwealth turned over all police reports and DHS records in its files, it opposed discovery of the victim's medical records and diary.[8]

Thereafter, on June 1, 2011, PCRA counsel filed an amended petition asserting counsel's ineffectiveness for failing to object to the hearsay testimony of the victim's friend, and challenging the PCRA court's denial of the motion for discovery.[9]  Scott filed a *pro se* objection to counsel's amended petition, and the Commonwealth filed a motion to dismiss the PCRA petition.  On September 14, 2011, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing, to which Scott, once again, filed a

_(Footnote Continued)_ _____

**leave of court after a showing of exceptional circumstances**." Pa.R.Crim.P. 902(E)(1) (emphasis supplied).

[7] PCRA counsel averred that he attempted to obtain copies of the police reports from prior counsel, but was unsuccessful. **See** Motion for Discovery Under Post Conviction Relief Act, 1/3/2011, at ¶ 5(a).

[8] The Commonwealth further asserted that none of these records were in its files.

[9] Although no order specifically denying the motion for discovery is included in the certified record, Scott avers in his amended petition that the PCRA court "denied [him] the ability to subpoena the records."  Amended Petition Under Post Conviction Relief Act, 6/1/2011, at ¶ 11.

*pro se* response. However, on October 17, 2011, the PCRA court dismissed the PCRA petition, and Scott filed a timely notice of appeal.

While that appeal was pending, and after counsel filed a Rule 1925(b) concise statement of errors complained of on appeal, Scott filed a *pro se* petition for withdrawal of counsel, claiming that PCRA counsel ignored the issues he wished to raise on appeal, and requesting to proceed *pro se*. On March 5, 2012, this Court directed the PCRA court to conduct a **Grazier**[10] hearing to determine if Scott's request to proceed *pro se* was knowing, intelligent and voluntary. **See** Order, 3/5/2012. Following a hearing on April 9, 2012, the PCRA court denied Scott's petition to proceed *pro se*.

Thereafter, counsel filed another concise statement pursuant to Pa.R.A.P. 1925(b), raising the same two issues included in the first statement, and, additionally, arguing the trial court erred in denying Scott's petition to proceed *pro se*. In an unpublished memorandum decision filed on March 5, 2013, a panel of this Court agreed with Scott's contention that the PCRA court "failed to hold a proper colloquy to address whether [Scott] knowingly, intelligently and voluntarily asserted his right to self-representation[.]" **Commonwealth v. Scott**, 69 A.3d 1282 (Pa. Super. 2013) (unpublished memorandum at 13). Accordingly, the panel vacated the order denying PCRA relief and remanded for a proper **Grazier** hearing.

_____

[10] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Upon remand, the PCRA court held another **Grazier** hearing, and, on April 11, 2013, granted Scott's request to proceed *pro se*. That same day, the PCRA court reinstated its original order dismissing Scott's PCRA petition. This timely appeal followed.[11]

Scott raises the following nine issues for our review:

1.      Whether trial counsel was ineffective for failing to object to hearsay testimony at trial?

2.      Whether the PCRA court erred in denying his motion for discovery where exceptional circumstances were shown?

3.      Whether trial counsel was ineffective for failing to file a motion in *limine* challenging the competency of the minor victim and witness, and whether the trial court abused its discretion in permitting the Commonwealth to introduce an out-of-court statement of the minor victim and witness in derogation of 42 Pa.C.S. § 5985.1?

4.      Whether the trial court's findings of fact and conclusions of law were "contrary to fact and reality" when the court relied upon "unsubstantiated[,] incorrect, false and misleading evidence to form these findings of fact[?]"

_____

[11] On April 26, 2013, the PCRA court ordered Scott to file a Rule 1925(b) concise statement, and Scott complied with the court's directive on May 3, 2013.

5.     Whether the Commonwealth committed a **Brady**[12] violation when it withheld evidence contained in the DHS reports?

6.     Whether Scott's convictions were against the weight of the evidence?

7.     Whether trial counsel was ineffective for stipulating to documents which inculpated Scott?

8.     Whether "Article V, Section 10(C) Pa. Const. 1968 transcends Republican Form of Government clause, Article IV, Section 4, United States Constitution (21 June 1788)[?]"

9.     Whether the cumulative effect of the foregoing errors warrants a new trial or discharge?

**See**, Scott's Brief at unnumbered p. 9.

Preliminarily, we note that to be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived."  42 Pa.C.S. § 9543(a)(3).  "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."  42 Pa.C.S. § 9544(b).  Further, "[c]laims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court."  **Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004)

---

[12] **Brady v. Marlyand**, 373 U.S. 83 (1963).

(citations omitted). ***See also Commonwealth v. Fletcher***, 986 A.2d 759, 778 (Pa. 2009) (issues not preserved in PCRA petition are waived on appeal).

Based upon the foregoing, we find issues four, five, six, and eight are waived for our review. Issues four and six assert trial court error, and could have been raised on direct appeal. Issues five and eight were not included in Scott's *pro se* or amended PCRA petitions, nor were they raised in Scott's *pro se* response to the PCRA court's Rule 907 notice. Rather, they were raised for the first time in Scott's *pro se* Rule 1925(b) statement, and are, therefore, waived for our review.[13] Accordingly, we proceed to a discussion of Scott's remaining claims.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

_____

[13] We note that Scott raised a ***Brady*** claim in a September, 2010 application for leave to supplement his *pro se* PCRA petition. However, that ***Brady*** claim referred to a purportedly missing police report, not DHS records.

Where, as here, many of the petitioner's claims challenge the ineffectiveness of counsel, our review is well-settled:

> We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Spotz***, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1061 (Pa. 2012) (citations omitted).

First, Scott argues trial counsel was ineffective for failing to object to the hearsay testimony of B.D., the victim's minor friend with whom she confided that Scott had sexually abused her.[14] He claims B.D.'s testimony

---

[14] We note that the PCRA court found this issue waived for vagueness. ***See*** PCRA Court Opinion, 9/17/2013, at 5-6. Although we acknowledge that Scott did not specify what hearsay testimony he was challenging in his Rule 1925(b) concise statement, this issue was raised in his prior direct appeal and in counsel's amended PCRA petition. ***See Commonwealth v. Scott***, 988 A.2d 730 (Pa. Super. 2009) (unpublished memorandum); Amended
*(Footnote Continued Next Page)*

was not admissible under the "prompt complaint" exception to the hearsay rule, pursuant to Pa.R.E. 613(c)(1), because (1) it was not offered to rebut a specific charge of bias, but rather presented as affirmative evidence, and (2) the victim's statements to B.D. did not qualify as a "prompt" complaint since they were made four to five years after the alleged abuse began.  ***See*** Scott's Brief at 3-4.  Furthermore, Scott contends the introduction of B.D.'s hearsay testimony, which corroborated the victim's testimony, could not be considered harmless error because the prosecution rested entirely upon the credibility of the victim.

The Pennsylvania Rules of Evidence define hearsay as a statement "that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Pa.R.E. 801(c)(1)-(2).  Hearsay statements are generally inadmissible at trial unless an exception to the hearsay rule applies.  Pa.R.E. 802.  One such exception applies to the admission of a prior consistent statement:

> [P]rior consistent statements may be admitted to corroborate or rehabilitate the testimony of a witness who has been impeached, expressly or impliedly, as having a faulty memory, or as having been induced to fabricate the testimony by improper motive or influence.  Admission of prior consistent statements on such grounds is a matter left to the sound discretion of the trial court, to be decided in light of the character and degree of

*(Footnote Continued)* ───────────

Petition Under Post Conviction Relief Act, 6/1/2011, at ¶ 7(1).  Therefore, we decline to find it waived for vagueness.

impeachment. It is not necessary that the impeachment be direct; it may be implied, inferred, or insinuated either by cross-examination, presentation of conflicting evidence, or a combination of the two.

*Commonwealth v. Hunzer*, 868 A.2d 498, 512 (Pa. Super. 2005) (citation omitted), *appeal denied*, 880 A.2d 1237 (Pa. 2005). **See** Pa.R.Crim.P. 613(c)(1).

Here, B.D.'s testimony, regarding what the victim told her about the sexual abuse, was admissible following defense counsel's cross-examination of the victim. During the cross-examination, defense counsel emphasized that the victim did not tell any adults, including her mother, about the abuse. More importantly, defense counsel implied the victim fabricated the story after learning that her family might move to New Jersey. **See** N.T., 2/8/2007, at 120-121. Therefore, B.D.'s testimony concerning what the victim had told her about the abuse, was admissible as a prior consistent statement. Because "trial counsel cannot be ineffective for failing to raise a meritless claim[,]"[15] we conclude that Scott's first issue fails.

Next, Scott contends the PCRA court erred in denying his request to subpoena the victim's medical records and diary.[16] He argues that, contrary

_____

[15] *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1259 (Pa. Super. 2014).

[16] The PCRA court also found this issue waived for vagueness. Again, we disagree. The documents Scott sought from the PCRA court were clearly set forth in counsel's motion for discovery. **See** Motion for Discovery under Post Conviction Relief Act, 1/3/2011. Therefore, we are able to discern his claim on appeal.

to the PCRA court's characterization, Scott's request for the victim's medical records was not overbroad since "[t]he request was for exactly the relevant time period relating to the alleged sexual assaults." Scott's Brief at 5. Further, Scott claims that, although the victim denied she wrote about the assaults in her diary, he was entitled to review her diary records "to determine whether [she] was being truthful." *Id.* Indeed, he contends, "[i]t is likely that [the diary] could shed some light on the true story of what was going on at the time." *Id.*

The Pennsylvania Rules of Criminal Procedure proscribe discovery during collateral proceedings "except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "We review the denial of a discovery request in post-conviction proceedings for abuse of discretion." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011), *cert. denied*, 133 S.Ct. 835 (2013).

Here, Scott has not demonstrated that either the victim's medical records or her diary contain any relevant, exculpatory evidence. In fact, he has not even established that any medical records exist, let alone that they would prove the victim had not been raped. Moreover, the victim testified that she did not write about the assaults in her diary, and Scott has presented no evidence to the contrary. *See* N.T., 2/8/2007, at 125. "We will not sanction a fishing expedition when Appellant fails to provide even a minimal basis for his claim." *Commonwealth v. Lark*, 746 A.2d 585, 591

(Pa. 2000). Accordingly, we detect no abuse of discretion on the part of the PCRA court in denying Scott's discovery request.

In his third issue, Scott argues trial counsel was ineffective for failing to file a motion in *limine* challenging the competency of the minor victim and witness. Scott contends that where, as here, the witnesses are under the age of 14, "there must be judicial inquiry as to mental capacity." Scott's Brief at 7, *quoting* **Rosche v. McCoy**, 156 A.2d 307, 311 (Pa. 1959). Furthermore, he asserts that the admissibility of the victim's out of court statements should have been considered in an *in camera* hearing pursuant to the tender years statute, 42 Pa.C.S. § 5985.1.[17]

_____

[17] The Tender Years statute provides, in pertinent part:

> **(a) General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses [relating to sexual assault] not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> (1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
> (i) testifies at the proceeding; or
>
> (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a).

The PCRA court addressed Scott's competency argument as follows:

> In order for a complainant to be competent, they must have the capacity to communicate, the mental capacity to observe and remember the occurrence, and a consciousness of the duty to speak the truth. **Commonwealth v. R.P.S.**, 737 A.2d 747, 749 (Pa. Super. 1999)(quoting **Rosche v. McCoy**, 156 A.2d 307, 310 (Pa. 1959)). Once it is determined that the complainant is competent it is up to the fact finder to determine if the complainant's testimony was credible. **Commonwealth v. Blackeney**, 946 A.2d 645, 653 (2008)[, *cert. denied*, 555 U.S. 1177 (2009)]. Generally, a witness's competency to testify at trial is presumed and the burden falls on the objecting party to demonstrate incompetence. **Commonwealth v. Harvey**, 812 A.2d 1190, 1199 (Pa. 2002). However, when a child under the age of fourteen is called to testify, the competency of the minor must be independently established. Courts have held that a separate colloquy in order to determine the understanding of the oath is not necessary if the trial court has the opportunity to observe the minor's demeanor. **Id.** In the instant case, J.W. was able to understand the questions asked of her by counsel and was able to frame and express intelligent answers to those questions regarding the details of the abuse. Any challenges defense counsel would have raised regarding J.W.'s testimony would have been denied; therefore, this claim is meritless.

PCRA Court Opinion, 9/17/2013, at 7-8. We agree. Although the trial court should have conducted a separate colloquy, pursuant to **Harvey**, to determine the competency of the minor victim and witness, who were 13 and 14 years old respectively, the court sat as fact finder in this non-jury trial, and had the opportunity to observe the witnesses' demeanor. Therefore, we conclude the fact that "the trial court did not engage in a distinct colloquy regarding the truthfulness aspects of [their] competency did not prejudice [Scott]." **Harvey**, *supra*, 812 A.2d at 1199. Accordingly, no relief is warranted on this claim.

We also find Scott's Section 5985.1 challenge meritless.[18] We concluded above that J.W.'s out of court statements to B.D. were admissible as prior consistent statements pursuant to Pa.R.E. 613(c)(1). **See supra**. The tender years exception in Section 5985.1 provides yet another exception to the hearsay rule. **See Hunzer**, **supra**, 868 A.2d at 510. Because we have already found that the testimony was admissible under Rule 613(c)(1), trial counsel was not ineffective for failing to raise a challenge under Section 5985.1. **See Commonwealth v. Curley**, 910 A.2d 692, 698-699 (Pa. Super. 2006) (discussing the differences between Pa.R.Crim.P. 613(c) and 42 Pa.C.S. § 5985.1), *appeal denied*, 927 A.2d 622 (Pa. 2007). Therefore, again, no relief is warranted.

In his seventh issue, Scott argues counsel was ineffective for stipulating to documents that inculpated him in the crimes. Specifically, Scott challenges trial counsel's stipulation to the admissibility of the victim's DHS records. He contends the documents are "riddled with hearsay testimonials that vouch for the veracity of the victim[.]" Scott's Brief at 19. Moreover, he notes the records also list three other dates of allegations, two of which were "unfounded" and one of which was "indicated." **Id.**

_____

[18] Although Scott does not specify which out-of-court statements he is challenging, we presume he is referring to B.D.'s testimony concerning the statements J.W. made to her about the abuse.

- 15 -

A review of the trial transcript reveals that trial counsel stipulated as to "the authenticity and admissibility [of the DHS records] without having to have the DHS worker testify." N.T., 2/8/2007, at 181. While the records may contain some hearsay testimony, we remind Scott that he was tried before the court sitting without a jury, and "trial judges sitting as fact finders in criminal cases are presumed to ignore prejudicial evidence in reaching a verdict." **Commonwealth v. Dent**, 837 A.2d 571, 582 (Pa. Super. 2003) (citation omitted), *appeal denied*, 863 A.2d 1143 (Pa. 2004). Scott simply cannot demonstrate that he was prejudiced as a result of counsel's stipulation to the DHS records.[19]

Lastly, Scott contends the cumulative effect of trial counsel's ineffectiveness, and the trial court's errors, warrants either a new trial, or discharge. We disagree.

> It is well-settled that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532 (2009). Accordingly, where ineffectiveness claims are rejected for lack of arguable merit, there is no basis for an accumulation claim. **Commonwealth v. Sattazahn**, 597 Pa. 648, 952 A.2d 640, 671 (2008).

---

[19] Moreover, with regard to the purported allegations of another "indicated" incident, we note that Scott has not demonstrated that that incident involved the victim, nor that it involved an allegation of sexual assault. Further, as we noted *supra*, Scott could have subpoenaed additional records from DHS, but failed to do so.

***Commonwealth v. Busanet***, 54 A.3d 35, 75 (Pa. 2012), *cert. denied*, 134 S. Ct. 178 (U.S. 2013).

Therefore, because we conclude that none of Scott's claims raised in this appeal are worthy of relief, we affirm the order of the PCRA court dismissing Scott's PCRA petition.

Order affirmed. Scott's *pro se* Motion for Reconsideration/Remand is denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2014